# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAWN LOMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-01270-PRW |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |

## ORDER

After slipping and falling inside Defendant's store, Plaintiff Dawn Loma sued Defendant Wal-Mart Stores East, L.P. ("Walmart") for negligent failure to warn of a hazardous condition and negligent failure to maintain safe premises. Walmart filed a Motion for Summary Judgment (Dkt. 13), arguing that any hazard was open and notorious and so Walmart had no duty towards Mrs. Loma. For the reasons set forth below, Walmart's Motion for Summary Judgment is **GRANTED**.

*Background*

On June 24, 2018, Mrs. Loma and her husband drove to the Walmart store located at 4545 W. 6th Avenue in Stillwater, Oklahoma. It had been raining earlier that day, and it was still raining while Mrs. Loma and her husband walked towards the door. Mrs. Loma wore flip-flops and recalls seeing puddles of water on the ground outside the store. Just inside the store, Walmart employees had placed carpeted "wet mats" on the floor to allow customers to dry their shoes before proceeding farther into the store. At the door where

1

Mrs. Loma approached, the floor mat had been placed some distance from the threshold, so a customer stepping inside would first have to step once or twice on the store's floor before reaching the floor mat. This gap violated Walmart policy, under which floor mats were to be placed flush with the threshold of the door. The employees had also not placed caution cones indicating that the floor might be wet, even though Walmart policy required such caution cones to be posted during inclement weather. Mrs. Loma testified that upon approaching the doorway, the floor appeared to be "fine, safe, and dry."[1] She stepped inside the store—stepping between the threshold and the floor mat—and immediately slipped and fell.

Seeking to recover damages for her medical expenses and for pain and suffering, Mrs. Loma sued Walmart in state court. Walmart removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. Jurisdiction in this Court is proper under the Court's 28 U.S.C. § 1332 diversity jurisdiction: Mrs. Loma is a resident and citizen of Oklahoma, while Walmart is incorporated in Delaware and maintains its principal place of business in Arkansas. As a tort case arising in diversity jurisdiction, the governing law is the law of Oklahoma.[2]

---

[1] Deposition of Dawn Loma (Dkt. 13, Ex. 1), at 35.

[2] Oklahoma uses the "most significant relationship" test to determine governing law in tort cases, and here, that test indicates Oklahoma law should apply. *See Martin v. Gray*, 385 P.3d 64, 67 (Okla. 2016) ("The choice of law applicable to a tort claim is the 'most significant relationship' test . . . ."); *Brickner v. Gooden*, 525 P.2d 632, 635 (Okla. 1974) ("The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile,

*Legal Standard*

Rule 56(a) of the Federal Rules of Civil Procedure requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the Court does not weigh the evidence and determine the truth of the matter asserted, but instead determines only whether there is a genuine dispute for trial before the fact-finder.[3] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[4] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[5] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[6]

If the movant carries the initial burden, the nonmovant must then assert that a material fact is genuinely disputed and must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; by "showing that

---

residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties occurred.").

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[5] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[6] *Anderson*, 477 U.S. at 248; *Adler*, 144 F.3d at 670.

the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute"; or by "showing . . . that an adverse party [i.e., the movant] cannot produce admissible evidence to support the fact."[7] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts"[8] or theorizing a plausible scenario in support of its claims. Instead, "the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether is so one-sided that one party must prevail as a matter of law."[9]

### *Discussion*

Under Oklahoma law, the elements of the tort of negligence are: (1) a duty of care owed by defendant to plaintiff, (2) defendant's breach of that duty, and (3) injury to the plaintiff caused by defendant's breach of that duty.[10] Where a landowner such as a retail store allows entry by invitees such as customers, the landowner owes a duty to exercise "reasonable care to disclose . . . the existence of dangerous defects" and to exercise "reasonable care to keep the premises in a reasonably safe condition."[11] Yet even then, "the

---

[7] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. at 322.

[8] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[9] *Neustrom*, 156 F.3d at 1066 (quoting *Anderson*, 477 U.S. at 251–52); *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

[10] *See Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007) (citing *Nicholson v. Tacker*, 512 P.2d 156, 158 (Okla. 1973)).

[11] *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1083–84 (Okla. 1997) (listing the duty to disclose dangerous defects as the duty owed to licensees, but then noting that to an invitee, the landowner "owes the additional duty" of keeping the premises in a reasonably safe condition).

law does not require that the landowner protect the invitee against dangers which are so apparent and readily observable that one would reasonably expect them to be discovered."[12] This precept can be alternatively worded as a landowner owing no duty to warn or protect invitees from "perils that are open and obvious."[13]

Normally, the existence of a slippery floor or a pooling liquid is the type of hidden danger of which the retail store has a duty to warn its customers. But Oklahoma has distinguished that type of scenario from situations where floors become slippery or wet due to customers walking through rain or puddles and tracking water inside. The Oklahoma Court of Civil Appeals confronted exactly this situation in a case called *Hatcher v. Super C Mart*.[14] In *Hatcher*, the plaintiff entered the store after walking through rain that made her shoes wet. She saw no water on the floor of the store, stepped inside, and slipped and fell. She then sued the store for both failing to post "wet floor" signs and for leaving a gap between the carpeted floor mat and the threshold of the door. Even though the parties still disputed whether she slipped due to water already on the floor or due to the water on her own shoes, the Court of Civil Appeals concluded that the store did not owe a duty to her. The court reasoned that the plaintiff "knew or should have known that the floor was potentially wet or could become slippery from her wet shoes" and that "[t]hese are hazards universally known by persons coming into a store from a parking lot wet with rain."[15] Thus,

---

[12] *Id.* at 1084.

[13] *Sutherland v. Saint Francis Hospital, Inc.*, 595 P.2d 780, 783 (Okla. 1979).

[14] 24 P.3d 377 (Okla. Civ. App. 2001).

[15] *Id.* at 380.

5

since the hazard of a potentially wet floor was a hazard of open and obvious nature, the store had "no duty to modify its premises or post warning signs."[16]

Walmart invokes the rule from *Hatcher* and argues that the same conclusion is warranted here. The record establishes the undisputed facts that Mrs. Loma knew it was currently raining and she knew she walked through a wet parking lot to enter the store. As established in *Hatcher*, a reasonable person knows the realities presented by "general weather conditions"[17] and "[knows] or should have known that the floor was potentially wet or could become slippery from her wet shoes."[18] Here, Mrs. Loma knew or should have reasonably known of the danger of slipping, either from water tracked in by other customers or from her wet shoes stepping on even a dry floor. Since this danger was open and obvious to a reasonable person, Walmart had no duty to modify its premise or post caution cones, and "[a]bsent duty, there can be no negligence." Accordingly, between these undisputed facts and the *Hatcher* rule, Walmart carries its initial burden of proving that as

---

[16] *Id.*

[17] *Id.* at 379 (quoting *Buck v. Del City Apartments, Inc.*, 431 P.2d 360, 365 (Okla. 1967) ("It is clear from the evidence that the wife knew or should have known of the general weather conditions. The dangers from them are universally known and were equally as apparent to her as they were to the motelkeepers.").

[18] *Id.* at 380. The *Hatcher* court also considered that the plaintiff was not watching where she walked when she fell and that she testified, had she been watching, she would have seen any water that might have been present. However, these facts go only to the issue of whether there *was* water on the floor of the store. Since the court conclude that a reasonable person would also know that a dry floor could become slippery from the person's own wet shoes, these facts pertaining to water actually present on the floor are unnecessary to the second part of the *Hatcher* rule regarding constructive knowledge about dry floors and wet shoes.

a matter of law it did not have a duty to warn or protect Mrs. Loma from the obvious possibility of a slippery floor.

Mrs. Loma advances several arguments to try to resurrect a genuine issue of material fact, but none are convincing. First, she argues that "[t]here is no black and white rule to define an open and obvious condition,"[19] citing a case where the Oklahoma Supreme Court wrote "where conflicting evidence is presented on the issue of the open and obvious nature of a defect, the question must be resolved by the trier of fact."[20] She then states that the slick condition of the floor was not appreciated by her but was well known to Walmart. However, the case she cites pertains to a diving accident where reasonable persons could disagree on how deep the relevant pool appeared to be. Here, an Oklahoma court has foreclosed the fact-intensive inquiry for at least this particular type of hazard by determining that—as a matter of law—reasonable people walking through rain and through a wet parking know that even dry floors pose a risk of slipping due to their wet shoes. Thus, under Oklahoma law, Walmart had no legal duty to warn or protect and Mrs. Loma's subjective failure to appreciate the potentially slick condition of the floor did not change that.

Next, Mrs. Loma seeks to distinguish the present case from *Hatcher*. She argues that the *Hatcher* plaintiff testified knowledge that the floor would be wet, but here she had "no reason to expect the floor to be wet" and "she was not on notice that the floor inside

---

[19] Pl.'s Resp. in Opp. (Dkt. 19), at 5.

[20] *Scholer v. ERC Mgmt. Group, LLC*, 256 P.3d 38, 44 (Okla. 2011).

7

the store could be slippery simply because of her own shoes."[21] Yet again, under Oklahoma law, Mrs. Loma's subjective expectation that the floor might be wet is irrelevant to the creation of a legal duty. The hazard that a floor "could become slippery from [] wet shoes" is "universally known by persons coming into a store from a parking lot wet with rain"[22]— a standard that relies on the constructive notice inferred to reasonable people and that eschews subjective deviation from such reasonably common knowledge. And Mrs. Loma's own testimony undercuts the idea that she was unaware dry floors could become slippery from wet shoes, since she testified that whenever the "wet mats" were present she habitually dried her shoes off before proceeding into the store.[23]

She then attempts to distinguish *Hatcher*, claiming there the plaintiff testified knowledge that the floor could become slick when it got wet due to rain but here Mrs. Loma made no similar admission. Yet again, the *Hatcher* court pronounced a much broader rule that did not depend on the any plaintiff's subjective knowledge, since the dangers of a potentially slippery floor are "universally known by persons coming into a store from a parking lot wet with rain." And even if subjective knowledge was necessary, here again Mrs. Loma's testimony of habitually drying off her shoes on the floor mats at this Walmart undercuts any subjective ignorance of the open and obvious hazard.

---

[21] Pl.'s Resp. in Opp. (Dkt. 19), at 7.

[22] *Hatcher*, 24 P.3d at 380.

[23] *See* Deposition of Dawn Loma (Dkt. 13, Ex. 1), at 35, 65.

Finally, Mrs. Loma argues that unlike here, in *Hatcher* the floor mats near the door were "directly adjacent to the threshold of the Store."[24] This is true. But this obfuscates the point, since the full sentence there said: "*Also irrelevant is the placement of the mats*, although we note that photographic evidence submitted by Hatcher, purporting to show the placement of the mats at the time of Hatcher's fall, clearly shows that the mats were directly adjacent to the threshold of the Store."[25] Under the *Hatcher* rule, Oklahoma imposes "no duty to modify [a store's] premises by adding mats or posting warnings" of such an open and obvious hazard and slippery floors during rain. And the "mere fact" that "stores, in fact, place mats in front of doors or place Wet Floor signs on rainy days in an effort to prevent accidents does not alter" does not create a duty where there was not one before, nor does it create a duty to perform the nonobligatory measures well.[26]

### *Conclusion*

Whatever residual disputed facts might remain do not alter the conclusion that Walmart is entitled to judgment as a matter of law. Walmart carried its burden of demonstrating that given undisputed material facts it was entitled to judgment under Oklahoma law and Mrs. Loma failed to recarry the burden by pointing to specific facts in the record that could resurrect the presence of a genuine dispute of material fact.[27] Settled

---

[24] *Hatcher*, 24 P.3d at 381.

[25] *Id.*

[26] *Id.* at 380.

[27] And in absence of specific direction from the parties, the Court "will not search the record in an effort to determine whether there exists dormant evidence which might require

Oklahoma law establishes a landowner is not liable for an injury resulting "from a danger which was obvious or should have been observed in the exercise of ordinary care."[28] Since the dangers of slipping on a floor after walking through rain are "universally known," Walmart had no duty to warn Mrs. Loma of the dangerous condition or to modify its premises to protect Mrs. Loma. Accordingly, judgment as a matter of law is warranted and Walmart's Motion for Summary Judgment (Dkt. 13) is **GRANTED**.

**IT IS SO ORDERED** this 20th day of January 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

submission of the case to a jury." *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992).

[28] *Williams v. Tulsa Motels*, 958 P.2d 1282, 1284 (Okla. 1998) (quoting *City of Tulsa v. Harman*, 299 P. 462, 468 (Okla. 1931)).